UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRUCE CASTINO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-30057-KPN |
| | ) | |
| TOWN OF GREAT BARRINGTON, | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION TO DISMISS
(Document No. 14)
December 4, 2013

NEIMAN, U.S.M.J.

This is an action by Bruce Castino ("Plaintiff"), proceeding *pro se*, against the Town of Great Barrington ("Defendant") involving several claims arising out of an agreement between the parties for the sale of real property. Presently before the court is Defendant's motion to dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1). The parties have consented to this court's jurisdiction. *See* 28 U.S.C. § 636(c); FED. R. CIV. P. 73. For the following reasons, the court will allow Defendant's motion.

I. STANDARD OF REVIEW

To avoid dismissal on a Rule 12(b)(1) motion for lack of subject matter jurisdiction, the plaintiff has the burden of proving that jurisdiction lies with the court. *See, e.g., Toste Farm Corp. v. Hadbury, Inc.*, 70 F.3d 640, 642 (1st Cir. 1995). A Rule

12(b)(1) motion is subject to the same standard of review as a motion to dismisss under Rule 12(b)(6). *See Cintron–Luna v. Roman–Bultron,* 668 F.Supp.2d 315, 316 (D. P.R. 2009) (citing *Negron–Gaztambide v. Hernandez–Torres,* 35 F.3d 25, 27 (1st Cir. 1994)). To determine if the plaintiff satisfies this burden, the court must treat all well-pleaded facts in the complaint as true and draw any reasonable inferences in the plaintiff's favor. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994). Relatedly, the pleadings of a *pro se* plaintiff must be liberally construed. *See Stern v. Haddad Dealerships of the Berkshires, Inc.,* 477 F. Supp. 2d 318, 321 (D. Mass. 2007). A court, however, need not credit "bald assertions, unsupportable conclusions, and opprobrious epithets." *Campagna v. Mass. Dep't of Envtl. Prot.*, 334 F.3d 150, 155 (1st Cir. 2003) (quoting *Dartmouth Review v. Dartmouth Coll.*, 889 F.2d 13, 16 (1st Cir. 1989)).

## II. B<small>ACKGROUND</small>

The parties entered into a purchase and sale agreement on April 3, 2007, for Plaintiff's property located on North Street in Great Barrington (the "Agreement"). (Complaint at ¶ 3.) Defendant was looking for a location to construct a new fire station and the Agreement was an attempt to avoid an eminent domain proceeding. (Id. at ¶ 4.) The Agreement, *inter alia*, accorded Plaintiff rights to relocate to another property the structure that was, at the time, on his land. Subsequently, as a contingency of the Agreement, the parties entered into an escrow agreement for the protection of certain rights of the parties in the event that additional site work, such as filling the cellar hole or debris removal, was needed after the term of the Agreement expired. (Id. at ¶ 5, Exh. B.)

Conditions leading up to and during the move led to discussions, agreements,

and altercations between Plaintiff and representatives of Defendant.  Plaintiff alleges that Defendant withheld payment under the escrow and that he petitioned Defendant's representatives to resolve the issues and damages that had arisen.  (Id. at ¶ 8.)  Plaintiff also alleges, broadly, that his civil rights were violated and that he was denied due process.  Plaintiff filed the instant action on April 17, 2013.

### III.  DISCUSSION

Defendant first argues that the court should dismiss Plaintiff's complaint for lack of diversity under 28 U.S.C. § 1332 which, in applicable part, provides for jurisdiction when the parties are "citizens of different states."  Although, the Civil Cover Sheet hints of diversity (*see* Document No. 1-7), Plaintiff has since conceded that jurisdiction under section 1332 is absent.  Defendant also argues, however, that there is no federal question jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Plaintiff argues otherwise but, for the following reasons, the court agrees with Defendant.

The federal courts have jurisdiction over matters that arise under the Constitution.  *See* 28 U.S.C. § 1331.  And indeed, Plaintiff in his compliant alleges that he was denied the due process of law in his dealings with Defendant.  Plaintiff, however, fails to articulate any facts which properly underlie a due process violation.  Only a case with a set of particular facts can give rise to a constitutional due process claim, and this is not that case.  Rather, this is a case which can fairly be said to raise state law claims only.  *See Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) (holding that plaintiff's cause of action was based on state law breach of contract

rather than a cause of action "based upon [federal] laws or [the federal] Constitution").

In general, ordinary state law disputes between a plaintiff and a local political entity "do not rise to the level of due process violations" and, thus, federal question jurisdiction, unless there is a showing of a "fundamental procedural irregularity, racial animus, or the like." *See Clark v. Boscher*, 2006 WL 2691710, at *4 (D. Mass. Sept. 13, 2006). In *Clark*, the plaintiffs, landowners who wanted to develop their land for profit, brought a due process action against a city and its zoning board; the plaintiffs had submitted multiple development plans that were rejected, received contradictory advice from various city boards and agencies and, in general, felt as though they were getting the "run-around." The court held that these allegations were insufficient to support a constitutional claim absent specific facts showing a due process violation.

Here, too, Plaintiff's complaint does not articulate any facts which would indicate that a "procedural irregularity" occurred or that would support any evidence of animus. At best, the complaint centers around a possible state law breach of contract claim. As importantly for present purposes, even a liberal reading of Plaintiff's complaint does not show how a breach of contract would rise to the level of a federal question. *See Rosario-Gonzalez v. Nat'l Univ. Coll.*, 2013 WL 6047868, at *3 (D. P.R. Nov. 14, 2013) (no allegation of fact to support due process claim). In sum, the pleading is insufficient to support a constitutional due process claim, leaving the court without federal question jurisdiction under section 1331.[1]

---

[1] The court notes that Plaintiff, in his memorandum in opposition to Defendant's motion to dismiss, asserts that there may have been violations of the Americans with Disabilities Act, 42 U.S.C. § 2000 *et seq.*, or the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 62, *et seq.* Neither of these claims nor any supportive facts are

The court offers no opinion on the merits of Plaintiff's underlying state court claim and nothing in this decision precludes him from refiling in state court, subject of course to state court rules of procedure.

IV. C<span></span>ONCLUSION

For the reasons stated, Defendant's motion to dismiss is ALLOWED.

DATED: December 4, 2013                         /s/   Kenneth P. Neiman
                                                KENNETH P. NEIMAN
                                                U.S. Magistrate Judge

---

alleged in the complaint, however, and the court cannot countenance such a scattershot attempt to create jurisdiction .